Patrick J. Picariello, J.
This is a nonpayment summary proceeding to recover two months’ rent (Dec. 1971 and Jan. 1972 at $425 per month) as provided in a lease executed between the parties on August 3, 1971. The term was to commence on September 1, 1971.
Respondent’s answer invokes, inter alia, the Federal freeze on rents proclaimed by the President on August 15, 1971 and section 755 of the Real Property Actions and Proceedings Law based on alleged dangerous and defective conditions in the subject accommodation.
The President’s Executive Order No. 11615 (36 Fed. Reg. 15727) provides as follows: “ Section 1 (a) * * * rents * * * shall be stabilized for a period of 90 days from date hereof [Aug. 15, 1971] at levels not greater than the highest of those pertaining * * * during the 30-day period ending on August 14, 1971
*41 It is conceded that petitioner collected $333.50 for the months commencing on September 1, 1971 (the date the respondent took possession), October 1, 1971 and November 1, 1971. This monthly rental was obviously the highest charged by the petitioner for the use of the subject accommodation for a 30-day period prior to August 15, 1971.
The 90-day period having elapsed, petitioner now seeks to enforce the rental provision provided for in the lease.
In his brief the respondent claims that he is not obligated to pay the rental provided for in the lease by reason of lack of required notification by the petitioner under Rent Regulation No. 301.502.
Subpart F of the Rental Increase Procedure (Phase II of the Executive Order) provides as follows :
Section 301.501 General Rule: “ No person may increase a rent with respect to any transaction after December 28, 1971, involving a lease or implied contract of occupancy of a residence or other real property, unless he has complied with this Sub-part, regardless of whether the increase is otherwise allowable under this Part ”. (Emphasis added.)
Section 301.502 Notification (invoked by the respondent): “ In the case of a proposed rent increase to which the present lessee would be subject * * * (a) Requirement of a 30-day notice. The lessor must notify the lessee of the proposed rent increase at least 30 days before the date it is to become effective ’ ’. (Emphasis added.)
Thus, claims the respondent, since said 30-day notification was concededly not given, petitioner may not now exact the rent provisions provided for in the lease.
However, section 300.513 (b) of the Rent Stabilization Act defines the word “Transaction” as follows: “A Transaction shall be deemed to occur at the time and place a binding contract is entered into between the parties to the Transaction ”. Since the lease was executed on August 3, 1971 and respondent took possession on September 1, 1971 (the former date being the controlling one), it becomes quite obvious that due notification required by the rent regulation section invoked by the respondent is not applicable under the circumstances.
The court also finds, and it was conceded, that a great majority of the alleged defective conditions in the subject accommodation have been remedied. There remain a few minor defects (and this is not a finding, but is predicated upon respondent’s testimony which was contradicted by the petitioner) which the court considers de minimis and which do not justify the appli *42 cation of the provisions of section 755 of the Beal Property Actions and Proceedings Law.
Petition is sustained. Final judgment of possession is awarded to petitioner. Rent due is $850, plus costs.